IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lakendrick Miller,<br><br>Petitioner,<br><br>v.<br><br>Warden, FPC Edgefield<br><br>Defendant. | C/A No. 0:25-cv-13543-JFA-PJG<br><br>**ORDER** |

Lakendrick Miller ("Petitioner"), proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

The Magistrate Judge issued a Proper Form Order on December 9, 2025. (ECF No. 5). After performing an initial review of the petition, the Magistrate Judge[1] authorized service of process on April 24, 2026. (ECF No. 22). This order was returned as undeliverable on May 29, 2026. (ECF No. 27). Defendant filed a motion to dismiss or, in the alternative, for summary judgment on July 31, 2026. (ECF No. 41). The Court issued a Roseboro Order on August 8, 2026, that instructed Petitioner to respond to Defendant's

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

motion by September 6, 2026. (ECF No. 42). This order was returned as undeliverable on August 18, 2026. (ECF No. 45).

The Magistrate Judge then issued the Report and Recommendation ("Report") recommending that this action be dismissed with prejudice for failure to comply with the Court's order to notify the Clerk of Court of any change of address. (ECF No. 47). Petitioner was advised of his right to object to the Report, which was entered on the docket on September 15, 2026. *Id.* This Report was also returned as undeliverable on October 5, 2026. (ECF No. 49). Petitioner failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without further recitation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Petitioner has failed to comply with the Court's order to notify the Clerk of Court of any change of address.

After carefully reviewing the applicable laws, the record in this case, and the Report,

this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 47). Consequently, this case is dismissed with prejudice, and any pending motions are terminated as moot.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

October 19, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge